**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Wayne SAMPLES,
Defendant–Appellant.**

No. 89–1134
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 28, 1990.

Rehearing Denied April 25, 1990.

---

7. Although Howell maintains that the district court could not grant summary judgment on this ground because it was not asserted by the defendants and Howell was given no notice that this was an issue, this claim was asserted in the defendants' Supplement to their Summary Judg-

ment and Dismissal Motions. Whether Howell was given sufficient time to review and oppose this issue need not be determined, for we affirm the summary judgment on a ground for which Howell received sufficient notice.

Larry Wayne Samples, Texarkana, Tex., pro se.

Delonia A. Watson, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

### I.

A federal grand jury returned a one-count indictment against appellant Larry Wayne Samples charging him with the interstate transport of a stolen aircraft in violation of 18 U.S.C. § 2312. Samples filed a motion acknowledging his desire to plead guilty pursuant to Rule 20 of the Federal Rules of Criminal Procedure. The

district court permitted Samples' retained counsel to withdraw from the case, and appointed new counsel. Samples pled guilty and was sentenced to four years in prison. He did not appeal the conviction.

Samples filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He contended that his guilty plea was entered involuntarily because of threats to his life and to the safety of his family. He also claimed that his appointed counsel was ineffective. The district court denied his motion. Samples appealed the denial to this court, which ordered that Samples be given an evidentiary hearing. A hearing was held before a magistrate who recommended that Samples' motion be denied and his action dismissed. The district court rejected Samples' objections and adopted the magistrate's findings. Samples filed the present appeal.

## II.

### A. *The Speedy Trial Act*

■ Samples argues that the trial court erred in denying his request for a speedy hearing. He claims that the Speedy Trial Act, 18 U.S.C. § 3161 (1985), applies to those seeking post-conviction relief, citing *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). Section 3161(c)(1) is applicable to the *trial* of any defendant who is charged with an offense and who pleads not guilty. There is no statutory or constitutional right to the disposition of a § 2255 motion within a specific time. 28 U.S.C. § 1657 requires that courts expedite such actions. This requirement is relative, not specific. No showing was made that the action was delayed beyond the requirements of the court's docket. Samples' argument lacks merit.

### B. *The Magistrate's Authority*

Samples contends that the trial court erred in allowing the magistrate to conduct the evidentiary hearing. We disagree. The Federal Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) (Supp.1989), explicitly provides:

a judge may also designate a magistrate to conduct hearings, including evidentia-

ry hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

### C. *Subpoenas*

■ Samples' third argument is that the district court erred in restricting his right to subpoena witnesses at the evidentiary hearing. Samples requested subpoenas at government expense for ten named individuals. He indicated in his request that the first seven individuals would testify about the threats directed toward Samples which he claimed led to his guilty plea. He stated that the eighth and ninth witnesses had knowledge of physical evidence of these threats (the broken windshield of his truck). The last witness, Samples' former attorney, was requested to testify about prior proceedings.

The magistrate concluded as to the first seven individuals: "[f]rom the representations in the motion it appears that the testimony which these persons are able to give is cumulative." The magistrate permitted Samples to choose three of the seven, and they were subpoenaed. The magistrate also subpoenaed one of the two witnesses who were to testify about the condition of the vehicle because the testimony of both was also expected to be cumulative. The magistrate did not permit a subpoena to issue as to Samples' former attorney because there was no indication that this attorney, who was appointed to represent Samples in a subsequently filed case, could testify about Samples' claims of ineffective assistance of counsel or the involuntary guilty plea. "This Court has generally given district courts wide discretion in determining whether subpoenas should issue under Rule 17(b)." *United States v. Ramirez*, 765 F.2d 438, 441 (5th Cir.1985), *cert. denied, sub nom. Perpignond v. United States*, 474 U.S. 1063, 106 S.Ct. 812, 88 L.Ed.2d 786 (1986). The court may ex-

ercise its discretion to deny subpoenas "if the Government demonstrates that the indigent's averments are untrue, or if the requested testimony would be merely cumulative or irrelevant." *United States v. Webster*, 750 F.2d 307, 329–30 (5th Cir. 1984), *cert. denied*, 471 U.S. 1106, 105 S.Ct. 2340, 85 L.Ed.2d 855 (1985) (citations omitted.)

In this case, Samples' own motion demonstrated the duplicative nature of the proposed testimony. On appeal, Samples complains that a critical witness, Paula Womack, was not subpoenaed, yet Samples did not exercise the opportunity he was given to choose her as one of his three witnesses from that group.

Samples failed to show how the testimony of his former attorney, John Bass, would be relevant. Samples did not "allege facts that, if true, demonstrate[d] 'the necessity of the requested witness' testimony.'" *Webster*, 750 F.2d at 329 (*quoting United States v. Hegwood*, 562 F.2d 946, 952 (5th Cir.1977), *cert. denied*, 434 U.S. 1079, 98 S.Ct. 1274, 55 L.Ed.2d 787 (1978)). Bass was not involved in Samples' case until after sentencing. He could not testify about the proceedings in question. The district court acted properly in limiting the number of subpoenas issued on Samples' behalf.

### D. Counsel

■ Samples argues that the magistrate erred when he found that Samples' court-appointed attorney had provided "imminently sound" advice. First, he states that the attorney, Dudley P. Andrews, was primarily a civil attorney who should not have been appointed in a criminal case. Samples also contends that Andrews advised Samples that he would be charged with contempt of court if he withdrew his guilty plea.

The *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985). This test requires the petitioner to demonstrate not only that his lawyer's conduct was deficient, but also that he was

prejudiced by this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The petitioner must show that his counsel's actions "fell below an objective standard of reasonableness," *id.* at 688, 104 S.Ct. at 2064, and that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *id.* at 690, 104 S.Ct. at 2066, and must strongly presume that counsel has exercised reasonable professional conduct. *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir.1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987).

The evidence presented at the hearing does not show ineffective assistance of counsel. Samples testified at the hearing that he never told Andrews about any of the threats or violent incidences. Andrews also testified that Samples told him that he wanted to withdraw his guilty plea simply because he didn't want to go to prison. He also stated that he did not recall ever seeing Samples appear in a beaten or injured state. Therefore, Samples did not provide Andrews with any "fair and just reason" for the withdrawal of Samples' guilty plea under Fed.R.Crim.P. 32(d). Samples' ineffectiveness claim does not meet the first prong of the *Strickland* test. Samples also fails to satisfy the second prong of the test because testimony was presented at the evidentiary hearing that Samples had been told by Assistant U.S. Attorney Joseph Revesz that he could plead not guilty. Thus, there is no indication of prejudice to Samples. The determination that Samples had no ineffective assistance of counsel claim is supported by the testimony presented at the evidentiary hearing.

### E. Cross-examination

Samples contends that the magistrate erred by restricting the cross-examination of Melissa Murphy, the appellant's ex-wife. He claims that the magistrate treated Mur-

phy with "kid gloves," and that this prevented the disclosure of impeaching information. He claims that she has a drug habit and that she was intimately involved with federal marshals.

■ Murphy, however, was questioned about her involvement with federal marshals. She denied ever dating a marshal. The magistrate did not permit questions regarding Murphy's alleged drug-related arrests. This was appropriate under Fed. R.Evid. 608(a), which provides:

> "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

The magistrate permitted questions about Murphy's drug use on particular instances, such as on the dates that she appeared for the July 1985 arraignment and the August 1985 sentencing. As the magistrate pointed out, general questions relating to drug use would be irrelevant.

### F. The Hearing

Samples contends that the hearing was "artificially conducted and predetermined." He further accuses the trial court of "throwing handicap weights on the government's side of the balancing scale." He specifically contends that the magistrate erred in allowing assistant U.S. attorney Joseph Revesz to remain in the courtroom despite Samples' invocation of Federal Rule of Evidence 615. He also claims: "the trial court continually interrupted the hearing while questions were being posed, or answers were being given." He claims that this was done to cause a change in the direction of the testimony or to prevent the clear presentation of the facts.

■ The trial court's decision of who will be sequestered can be reversed only upon a clear showing of abuse of discretion. *United States v. Alvarado*, 647 F.2d 537, 540 (5th Cir.1981). The determination that Revesz fell within the second exemption to Rule 615, which applies to "an officer or employee of a party which is not a natural person designated as its representative by its attorney," was within the discretion of the magistrate. *See United States v. Nix*, 601 F.2d 214, 215 (5th Cir.), *cert. denied*, 444 U.S. 937, 100 S.Ct. 287, 62 L.Ed.2d 196 (1979); *Portomene v. United States*, 221 F.2d 582 (5th Cir.1955).

Samples' accusation that the hearing was biased is without merit. Samples was given a full opportunity to present his issues. The transcript of the proceeding covers 383 pages. The trier of fact in a federal forum is not confined to a silent or passive role. It is common practice for a judge or magistrate to ask questions of a witness for clarification. As the government points out in its brief, this Court has expressly stated that the trial judge "may comment on the evidence, may question witnesses and elicit facts not yet adduced or clarify those previously presented." *Moore v. United States*, 598 F.2d 439, 442 (5th Cir. 1979).

Samples argues that his court-appointed attorney at the evidentiary hearing, Robert Hyder, provided ineffective assistance of counsel by failing to interview Samples and his witnesses prior to the evidentiary hearing. This claim does not pass *Strickland* muster. The transcript of the hearing reflects that Hider had adequate knowledge of Samples' case. Hider's performance was not deficient, as he made pertinent objections, thoroughly examined the witnesses, and displayed competence in developing facts within the limits of the Federal Rules of Evidence. Moreover, Samples' assertion that attorney Hider was unprepared finds no support in the transcript of the evidentiary hearing. Hider's questions reflected a clear understanding of what Samples was trying to establish. This claim is frivolous.

### G. Findings

Samples maintains that the trial court erred in refusing to credit the unimpeached testimony of his witnesses. Samples com-

plains that he presented witnesses who testified that they had seen Samples being beaten or had seen Samples' damaged vehicle. He also argues that his son testified that he had heard attorney Dudley Andrews tell Samples that he could not revoke the Rule 20 motion acknowledging his desire to plead guilty.

■ The trier of fact need not credit any witness' testimony, even if unimpeached. "An appellate court is in no position to weigh conflicting evidence and inferences or to determine the credibility of witnesses; that function is within the province of the finder of fact." *Strauch v. Gates Rubber Co.*, 879 F.2d 1282, 1285 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 841, 107 L.Ed.2d 836 (1990) (*citing Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc).

Melissa Murphy provided conflicting and damaging testimony at the hearing. She testified that Samples requested that she testify that she had been threatened and that Samples had been threatened and beaten. She further testified that Samples had never exhibited any signs of a beating. She stated that the windshield of the truck was broken at the time she and Samples had purchased it.

The magistrate apparently credited her testimony instead of that provided by other witnesses, several of whom were immediate family members of Samples. His choice between conflicting testimony is not subject to reweighing on this appeal.

### III.

The judgment of the district court is AFFIRMED.