**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charlie W. SCOTT, Defendant–Appellant.**

**No. 92–7111.**

United States Court of Appeals, Fifth Circuit.

March 22, 1993.

Julie Ann Epps, Jackson, MS (court-appointed), for defendant-appellant.

Richard Starrett, Asst. U.S. Atty., George Phillips, U.S. Atty., Jackson, MS, for plaintiff-appellee.

Before REYNALDO G. GARZA, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant, Charlie Scott, appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255 (1988). Scott claims *inter alia* that the district court violated Fed.R.Crim.P. 11 by failing to apprise him of the direct consequences of his guilty plea. Scott is also before this Court on direct appeal, arguing that he was convicted of merged and lesser included offenses. We agree with Scott's Rule 11 argument, and therefore vacate his conviction and remand so that he may be given the opportunity to replead. We also agree

with Scott's contentions regarding merged and lesser included offenses.

## I

Scott was indicted under counts one, five, seven, fourteen, and sixteen of an indictment. Count one charged that Scott conspired with others to distribute, and to possess with intent to distribute crack, in violation of 21 U.S.C. § 841(a)(1) (1988). Counts five and seven both charged possession with intent to distribute cocaine base, also known as crack, in violation of section 841(a)(1). Count fourteen alleged that Scott distributed crack within 1,000 feet of a school, in violation of 21 U.S.C. § 845a (1988). Count sixteen alleged possession with intent to distribute crack within 1,000 feet of a school, in violation of section 845a.

The district court conducted a hearing at which Scott entered a plea of guilty. The district court accepted Scott's plea, and he was convicted on all five counts. The district court initially sentenced Scott to 240 months imprisonment, but later reduced Scott's sentence to the guideline minimum of 188 months at the government's request.

No direct appeal was filed. Instead Scott filed two motions for collateral relief under 28 U.S.C. § 2255 (1988). Scott claimed that he was not correctly apprised of the consequences of his plea. The district court denied both motions, and Scott appealed. We vacated and remanded for further findings of fact and conclusions of law.[1] On remand the district court found that Scott "was fully advised of the consequences of pleading guilty," Record on Appeal, vol. I, at 114,[2] and that Scott's Rule 11 claim was without merit. *Id.* at 116. The

district court denied relief under section 2255, but permitted Scott to file a direct appeal from his conviction. *See id.* at 117.

Scott appeals the district court's denial of section 2255 relief, arguing that his conviction must be vacated because the district court failed to apprise him correctly of the direct consequences of his plea, in violation of Fed.R.Crim.P. 11. Scott also proceeds on direct appeal from his conviction, claiming that he was improperly convicted under both counts five and fourteen of the indictment because the offense charged in count five merged into the offense charged in count fourteen; and that he was improperly convicted under both counts seven and sixteen, because count seven charged a lesser included offense of the offense alleged in count sixteen.[3]

## II

### A

Scott argues, in his appeal from the denial of section 2255 relief, that his conviction must be vacated, because the district court violated Fed.R.Crim.P. 11(c)(1) by accepting his guilty plea without first properly admonishing him as to the consequences of his plea. Scott argues that the district court (1) incorrectly stated the minimum period of incarceration and the maximum fine to which he would be susceptible if he pleaded guilty; (2) failed to inform him of the maximum possible term of supervised release; and (3) failed to explain the effect of supervised release.

At the plea hearing, the following colloquy took place:

> guilty plea subjected him and of the fact that the guilty plea could not be withdrawn subsequent to its entry. He further expressed satisfaction with his attorney and the length of time his attorney had spent with him. The Court finds that Rule 11 of the Federal Rules of Criminal Procedure was followed in all respects, and that the Defendant was fully apprised of the consequences of his guilty plea.

Record on Appeal, vol. I, at 114.

---

**1.** For reasons which are not relevant to this opinion, we indicated to the district court that Scott might be entitled to an out-of-time appeal. *See Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir.1982) ("[F]ailure of counsel to timely file an appeal upon request of the defendant ... would constitute ineffective assistance of counsel entitling the defendant to ... an out-of-time appeal.").

**2.** The district court found:

> A review of the transcript of the guilty plea hearing shows that [Scott] was fully advised of the consequences of pleading guilty. He was advised of his rights, of the application of the guidelines and the penalties to which his

**3.** Scott raises several other claims as well. However, because we vacate Scott's conviction on the basis of his Rule 11 argument, we find it unnecessary to address Scott's additional points of error.

THE COURT: It's my duty to explain to you the nature of the charges contained in the indictment ... as well as the maximum sentences which could be imposed upon you if you enter pleas of guilty to these particular counts....

\* \* \* \* \* \*

[THE COURT:] The ... maximum sentences to which you ... would be subject if the Court imposed the maximum sentence ... would be as follows: ... Mr. Scott, not less than 20 years nor more than life with a 4 million-dollar fine.

The supervised release apply [sic] in that instance also?

MR. STARRETT [prosecutor]: It does, Your Honor.

THE COURT: And supervised release.

In addition the Court would be required to impose ... a 50–dollar assessment for each count to which you enter a plea of guilty.

Record on Appeal, vol. II, at 14, 21–22. The district court also informed Scott that he might be required to pay restitution to his victims; that he would be sentenced under the federal sentencing guidelines, although the district court could depart from the guidelines; and that he would not be released from prison on parole.

■ The district court's factual finding that Scott was fully advised of the consequences of pleading guilty is reviewed for clear error. *See United States v. Casiano*, 929 F.2d 1046, 1051 (5th Cir. 1991) (holding that, in reviewing denial of a section 2255 motion, the district court's findings of fact must be accepted unless clearly erroneous) (citing *Humphrey v. Lynaugh*, 861 F.2d 875, 876 (5th Cir.1988), *cert. denied*, 490 U.S. 1024, 109 S.Ct. 1755, 104 L.Ed.2d 191 (1989)); *see also United States v. Dayton*, 604 F.2d 931, 940 and n. 14 (5th Cir.1979) (en banc) (holding that district court fact findings regarding compliance with Rule 11 are reviewable for clear error), *cert. denied*, 445 U.S. 904, 100

S.Ct. 1080, 63 L.Ed.2d 320 (1980). Findings of fact are clearly erroneous when the appellate court, upon a review of the entire record, is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *United States v. Menesses*, 962 F.2d 420, 428 (5th Cir.1992). The district court's conclusion that Rule 11 was satisfied in all respects is a conclusion of law, and is therefore reviewable de novo. *See Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir.) ("Questions of law ... are reviewed de novo."), *cert. denied*, —— U.S. ——, 112 S.Ct. 591, 116 L.Ed.2d 615 (1991).

■ Rule 11 of the Federal Rules of Criminal Procedure provided:

Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term or term of supervised release and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense....

Fed.R.Crim.P. 11(c)(1). The district court incorrectly stated that the minimum term of incarceration was twenty years, and that the maximum fine was $4 million: in fact the statutory minimum sentence was ten years, and Scott could have been required to pay a fine up to $8 million.[4] Furthermore, the district court did not inform Scott of the maximum term of supervised release, and offered no explanation as to the meaning or effect of supervised release. Therefore, the district court failed to satis-

---

**4.** In apprising the defendant of the maximum penalty that may be imposed, the district court is required to mention fines as well as imprisonment. *See United States v. Bachynsky*, 934 F.2d 1349, 1356 (5th Cir.) (en banc) (holding that

fines are "clearly components of the 'maximum penalty'" to which Rule 11(c)(1) refers), *cert. denied*, —— U.S. ——, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991).

fy the requirements of Rule 11(c)(1),[5] and the district court clearly erred when it found that Scott was fully advised of the consequences of his plea.

■ However, not every violation of the plea colloquy requirements of Rule 11 leads to an automatic reversal of the defendant's conviction. *See Dayton,* 604 F.2d at 939–40. In *Dayton,* we held that Rule 11 has certain "core concerns." *Id.* at 939. The three core concerns are "absence of coercion, understanding of the accusation, and knowledge of the direct consequences of the plea." *Id.; see also* Fed.R.Crim.P. 11(c)(1) (addressing core concern that defendant be informed of direct consequences of guilty plea). A mere inadequate address of a core concern does not require reversal if the error is harmless. *Dayton,* 604 F.2d at 939; *United States v. Bachynsky,* 934 F.2d 1349, 1354 (5th Cir.) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991). An "entire failure" to address one of those core concerns, however, is not reviewed for harmless error; rather it requires automatic reversal of the defendant's conviction. *Dayton,* 604 F.2d at 939.

Scott argues that the district court's failure to comply with Rule 11(c)(1) was so egregious that it amounted to an entire failure to address the plea-consequences concern of Rule 11. We agree. An entire failure to address a core concern of Rule 11 can occur even though the district court speaks to the issue and provides some of the information that the rule requires. In *United States v. Punch,* 709 F.2d 889 (5th Cir.1983), where the defendant claimed that he was not adequately apprised of the nature of the charges against him, we commented that, "[a]s used in *Dayton,* the term 'entire failure' does not mean failure to make any mention of the charge whatsoever." *Id.* at 896; *see also Bachynsky,* 934 F.2d at 1359–60 (holding that failure to explain supervised release, when accompanied by exacerbating factors, may necessi-

tate automatic reversal, even though defendant was informed of maximum possible penalty). We went on to hold:

> [T]he harmless error standard may properly be applied to failures to address ... core concerns, where these failures represent nothing more than purely formal, technical and insignificant deviations from the requirements of Rule 11.... Where, however, ... the court's inadequate address of one of the elements of the charge results in less than full compliance with Rule 11, we can only conclude that there has been an entire failure to address a core concern, warranting automatic reversal of the conviction.

*Punch,* 709 F.2d at 897.

The district court's departures from the requirements of Rule 11(c)(1) certainly were more than "purely formal, technical and insignificant deviations." Only two aspects of the district court's admonition on the consequences of Scott's plea comported with the rule's requirements—the statements that the maximum possible period of incarceration was life, and that Scott might be required to pay restitution. The minimum period of imprisonment and the maximum fine were both misstated by factors of two, and the district court offered no explanation as to the meaning or effect of supervised release.[6] The district court also failed to inform Scott of the maximum possible term of supervised release. These deviations from the explicit instructions of Rule 11(c)(1) definitely "result[ed] in less than full compliance" with the requirement that Scott be informed of the consequences of his plea. *See id.; see also United States v. Hekimain,* 975 F.2d 1098, 1102 (5th Cir.1992) ("[W]e hold that ... the incorrect statement by the [prosecutor] as to the effect of supervised release was the same as if he had failed to mention it at all."). We conclude that the district court's errors amounted to an entire failure to address the plea-consequences concern of

---

**5.** The government does not dispute that the district court failed to comply with Rule 11(c)(1). *See* Brief for the United States of America at 14–18.

**6.** "[S]upervised release has unique characteristics that might not be readily apparent to a layperson...." *United States v. Tuangmaneeratmun,* 925 F.2d 797, 803 (5th Cir.1991).

Rule 11. *See Punch*, 709 F.2d at 897.[7] Consequently, Scott's conviction must be vacated, and his case remanded so that he may plead anew. *See Martirosian*, 967 F.2d at 1039 (vacating and remanding to allow defendant to replead).

### B

Scott argues on direct appeal that his conviction on count seven of the indictment should be vacated, because it is a lesser included offense of the crime alleged in count sixteen, of which he was also convicted. Count seven alleges that, on April 29, 1989, Scott possessed with intent to distribute approximately 6.01 grams of crack, in violation of 21 U.S.C. § 841(a)(1) (1988).[8] *See* Record on Appeal, vol. I, at 6. Count sixteen alleges that on April 29, 1989, Scott possessed with intent to distribute approximately 6.01 grams of crack within one thousand feet of a school, in violation of 21 U.S.C. § 845a (1988).[9] *See* Record on Appeal, vol. I, at 9–10. Scott pleaded guilty and was convicted on both counts.

■ We agree that count seven charges a lesser included offense of the offense charged by count sixteen. One offense is a lesser included offense of another if "the elements of the lesser offense are a subset of the elements of" the greater offense. *Schmuck v. United States*, 489 U.S. 705, 715, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989). In other words, "an offense is not lesser included unless each statutory element of the lesser offense is also present in the greater offense." *United States v. Browner*, 937 F.2d 165, 168 (5th Cir.1991) (noting that this "statutory elements test" was adopted by the Supreme Court in *Schmuck*). Counts seven and sixteen are identical, except that count

sixteen charges that the offense was committed within one thousand feet of a school. Therefore, all of the elements of the offense charged in count seven are present in the offense charged in count sixteen, and accordingly count seven charges a lesser included offense of count sixteen.

■ "Where one offense is included in another, it cannot support a separate conviction and sentence." *United States v. Buckley*, 586 F.2d 498, 505 (5th Cir.1978) (citations omitted), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979); *see also United States v. Johnson*, 575 F.2d 1347, 1355 (5th Cir.1978) (vacating conspiracy conviction because it was lesser included offense of engaging in continuing criminal enterprise), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). Therefore, Scott may not be convicted of the offenses charged in both counts seven and sixteen of the original indictment.

■ Scott also argues, and the government concedes, that the offense charged in count five of the indictment merges into the offense charged in count fourteen. Count five alleges that, on April 14, 1989, Scott possessed with intent to distribute approximately 7.33 grams of crack, in violation of 21 U.S.C. § 841(a)(1). Count fourteen alleges that, on April 14, 1989, Scott distributed approximately 7.33 grams of crack within one thousand feet of a school, in violation of 21 U.S.C. § 845a. A single drug sale cannot support a conviction for possession with intent to distribute, as well as a conviction for distribution. *See United States v. Hernandez*, 591 F.2d 1019, 1022 (5th Cir.1979) (en banc). The possession and the actual distribution "merge[ ]

---

**7.** *See also United States v. Johnson*, 983 F.2d 33, 35 (5th Cir.1993) (holding that failure to advise defendant of minimum penalty constituted complete failure to address Rule 11 core concern); *United States v. Martirosian*, 967 F.2d 1036, 1039 (5th Cir.1992) (same).

**8.** "[I]t shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...." 21 U.S.C. § 841(a)(1) (1988).

**9.** "Any person who violates section 841(a)(1) of this title ... by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university ... is ... punishable by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title...." 21 U.S.C. § 845a(a) (1988).

into a single offense." *Id.* Therefore, Scott may not be convicted of the offenses charged in both counts five and fourteen of the original indictment. *See Ball v. United States,* 470 U.S. 856, 865, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985) (holding that defendant could not be punished for both receipt and possession of a firearm, and therefore it was necessary to vacate one of the convictions); *Hernandez,* 591 F.2d at 1020, 1022 (vacating sentence for possession with intent to distribute, because it merged into the offense of distribution).

## III

For the foregoing reasons, we VACATE Scott's conviction and sentence and remand to the district court so that Scott may have an opportunity to replead.