**IN THE UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-40165
(Summary Calendar)

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                    versus

CARLOS ARNULFO MARQUEZ,

                                    Defendant-Appellant.

_____

Appeal from United States District Court
for the Southern District of Texas
(L-94-CV-156(L-91-CR-23))

_____

November 17, 1995
Before JOLLY, JONES, and STEWART, Circuit Judges.


PER CURIAM:[*]

    Defendant, Carlos Arnulfo Marquez, appeals his sentence of 80 months imprisonment, five years of supervised relief, and $7,500 fine on the ground that he received ineffective assistance of counsel. For the following reasons, we affirm the district court's sentence.

_____

    [*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

## FACTS

A jury found Carlos Arnulfo Marquez guilty of possession with intent to distribute approximately 404 pounds of marihuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Marquez to 80 months of imprisonment followed by a five-year term of supervised release and a $7,500 fine. This court affirmed Marquez's conviction and sentence.

Marquez then filed this 28 U.S.C. § 2255 motion, alleging that he received ineffective assistance of counsel at the trial level. Marquez alleged that his trial attorneys were ineffective for: 1) failing to object and move for a mistrial or a curative instruction after the Government made inflammatory comments attacking Marquez's character; 2) refusing to allow Marquez to testify; 3) refusing to call two potentially exculpatory witnesses; 4) failing to advise Marquez of a plea offer by the Government; and 5) failing to argue that Marquez was entitled to a "downward departure" based on Marquez's allegation that he was a minimal participant. Marquez also alleged that the trial court erred in admitting perjured testimony at trial.

Following an evidentiary hearing, the district court denied Marquez's § 2255 motion and allowed Marquez to proceed in forma pauperis (IFP) on appeal.

## DISCUSSION

Marquez argues that his trial attorneys were ineffective for: 1) refusing to allow him to testify; 2) refusing to call two potentially exculpatory witnesses; 3) failing to advise him

2

of a plea offer by the Government; and 4) failing to argue that Marquez was entitled to a downward departure based on his allegation that he was a minimal participant. Marquez also generally contends that the district court's factual findings and legal conclusions were not supported by the evidence presented at the evidentiary hearing.[1]

A.    *INEFFECTIVE ASSISTANCE OF COUNSEL*

This court reviews findings of fact for clear error. See United States v. Gipson, 985 F.2d 212, 214 (5th Cir. 1993). A factual finding will be determined to be clearly erroneous only if it leaves the court with the definite and firm conviction that a mistake has been made. See United States v. Scott, 987 F.2d 261, 264 (5th Cir. 1993). This court defers to the trier of fact in resolving conflicts requiring credibility determinations. See United States v. Samples, 897 F.2d 193, 198 (5th Cir. 1990). This court reviews mixed questions of fact and law, such as whether counsel rendered effective assistance of counsel, de novo. See United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994).

---

[1]Marquez does not argue the alleged perjured testimony at trial and whether his trial counsel erred in failing to request a mistrial and curative jury instructions for the Government's alleged inflammatory remarks. Because Marquez has abandoned these issues, this court need not address them. See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987). Further, in arguing in his reply brief that his trial attorneys did not call two potentially exculpatory witnesses, Marquez states that his counsel failed to investigate his case. To the extent that Marquez attempts to raise a new issue of ineffectiveness of counsel, this court bars Marquez from raising new issues in his reply brief. See United States v. Heacock, 31 F.3d 249, 259 n.18 (5th Cir. 1994) (any issue raised for the first time in a reply brief is waived).

Under the two-prong test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), Marquez must show that counsel's assistance was deficient and that the deficiency prejudiced him. In evaluating the first component, judicial scrutiny of counsel's performance must be highly deferential, and courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id</u>. at 689. Marquez must demonstrate prejudice by showing that his attorney's errors were so serious that they rendered the proceedings unfair or the result unreliable. <u>See</u> <u>Lockhart v. Fretwell</u>, 113 S.Ct. 838, 844 (1993).

1. <u>Refusing to allow Marquez to testify</u>

Marquez asserts that his trial attorneys refused to allow him to testify on his own behalf. The district court rejected Marquez's contention that he was denied his right to testify and found that the testimony of Pena and Almaraz was more credible and convincing than Marquez's testimony. The district court also found that Marquez was not forbidden or prevented from testifying, that the attorneys merely expressed their opinions regarding Marquez testifying, and that Marquez accepted those opinions. <u>Id</u>. The district court found that the attorneys' advice was not unreasonable. <u>Id</u>. at 77-78.

Marquez does not argue that these findings were clearly erroneous. Instead, he argues the weight and credibility of the evidence by contending that the testimony of his former trial attorney, David Almaraz, was more credible than the testimony of

4

his other trial attorney, Leonel Pena, who stated that Pena informed Marquez of his absolute right to testify at trial.

Both of Marquez's trial attorneys testified that they did not recall Marquez asking to testify, but that they would have allowed Marquez to testify if he had communicated a desire to do so, even if they believed that it would not help Marquez's case. Marquez testified that Pena refused his repeated requests to testify.

The district court chose to credit the lawyers' testimonies over Marquez's, which is a determination that is entitled to deference. Samples, 897 F.2d at 198. Marquez does not present anything on appeal which would make this court question such determinations. Therefore, the district court did not clearly err in its finding that Marquez was not denied the right to testify at his trial, and the court did not err in its conclusion that Marquez did not receive ineffective assistance of counsel as to this issue. See Scott, 987 F.2d at 264; Faubion, 19 F.3d at 228.

2. Refusing to call two potentially exculpatory witnesses

Marquez contends that his trial attorneys were ineffective by refusing to call his ex-wife, Rosalinda Marquez, and Mrs. Lutz, the wife of acquaintance James Lutz, as exculpatory witnesses. Marquez asserts that both women would have testified that he was in the shower when his truck was being loaded with contraband and that he never checked the load. Marquez argues the weight and credibility of the hearing testimony by contending that Rosalinda did not testify at the hearing as predicted.

Marquez also contends that the district court erred in

5

admitting the testimony as it was testimony regarding privileged communication between a husband and his wife. Marquez suggests for the first time in his reply brief that Rosalinda gave false testimony at the hearing on the advice of Pena.

The district court found that Marquez conceded that neither woman was present when Alfonso supposedly propositioned Marquez and that Rosalinda testified that she was not present when any stranger approached Marquez. The district court also determined that the attorneys' belief that Mrs. Lutz' testimony would either be cumulative or add nothing was a reasonable judgment. The district court found no merit in Marquez's contention that there was ineffective assistance of counsel in not calling the two women to testify.

Before hearing Rosalinda's testimony, Marquez's attorney at the evidentiary hearing objected to the proposed testimony as violating the privilege between husband and wife, considering that Rosalinda was Marquez's husband at the time Marquez was arrested and tried. The court overruled the objection and stated that it did not believe that there was to be any questions regarding any privileged communication between Marquez and Rosalinda, but whether Rosalinda was at the meeting between Marquez and Alfonso and whether she was willing to testify.

Rosalinda testified at the evidentiary hearing that she was present at the truck stop with Marquez, but that she did not see anyone approach Marquez, as she had taken the dog to the vet at the time.

Marquez testified that the two women saw the man that approached him, even though neither of the women knew what was said. Marquez admitted that he told law enforcement officials that Rosalinda probably did not hear the conversation. Primo Guzman, the agent on Marquez's case, testified that Marquez informed him that Rosalinda had no knowledge of the marihuana that was found in the truck, and that she never saw anyone talking to him, and that Marquez did not mention any involvement of either Mr. or Mrs. Lutz.

Both attorneys testified that Rosalinda's testimony would not have added to the defense. Pena also testified that he did not believe Mrs. Lutz's testimony would have added to the case, and Almaraz stated that he did not recall Mrs. Lutz's presence in the events.

The district court's determination that Rosalinda gave credible testimony is entitled to deference. Samples, 897 F.2d at 198. Marquez's own testimony indicates that Rosalinda was not present during his conversation with Alfonso. Marquez's contention regarding the district court's allowance of Rosalinda's testimony in spite of the marital privilege fails as Rosalinda did not testify as to any conversations she had with Marquez during her marriage to him. Nothing in the record or presented on appeal demonstrates that the district court clearly erred in its fact findings or erred in its conclusion that Marquez did not receive ineffective assistance of counsel as to this issue. See Scott, 987 F.2d at 264; Faubion, 19 F.3d at 228.

3. <u>Failing to advise Marquez of a plea offer by the Government</u>

7

Marquez contends that his trial attorneys did not advise him of a Government plea agreement offer which would have had him serve only five years.[2] The Government asserts that the record affirmatively reflects that counsel advised Marquez of the plea offer and that Marquez rejected it.

The district court found that Marquez knew that he could either plead guilty with a recommended 60-month sentence or he could go to trial and take his chances. The court further found that Marquez maintained his innocence and opted to go to trial. Id. The district court determined that Marquez's trial attorneys did not render deficient performance in this area.

Almaraz testified that he related to Marquez that the Government was willing to plea bargain to 60 months, the mandatory minimum sentence, and that he advised Marquez that if he went to trial and was found guilty, Marquez would probably be sentenced to 80 to 90 months of imprisonment. Almaraz stated that it was his recollection that Marquez turned down the offer and wanted to go to trial. Pena also stated that it was his advice to Marquez not to accept a plea bargain if Marquez insisted that he was innocent. Pena testified that Marquez never told him to plea bargain, but that if Marquez had, Pena would have done so.

Marquez testified that he informed Almaraz that the Government

---

[2] Marquez raised, but did not argue, the plea-agreement issue in his appellate brief. Normally, such an unargued issue would be considered abandoned. Brinkmann. However, the Government addressed the issue in its brief, and Marquez responded to the Government's argument in his reply brief. Therefore, the court may address the issue.

8

had already offered Marquez a 60-month plea bargain. Marquez also testified that if he had been informed that he was not going to do less than five years, he would have taken the 60-month offer. However, Marquez admitted that he never said he wanted to take the Government's offer and that, when Pena stated that it would be better to go to trial, Marquez told him to go ahead because Marquez believed in his own innocence.

Marquez's own testimony demonstrates that he knew of the plea bargain offer, but that he wanted to go to trial because he believed in his innocence. Marquez has not shown that the district court clearly erred in finding that Marquez knew about the plea agreement and yet decided to go to trial. See Scott, 987 F.2d at 264. This evidence also supports the district court's conclusion that Marquez's attorneys were not deficient in this respect. Faubion, 19 F.3d at 228. This issue is without merit.

4.  <u>Failing to argue that Marquez was entitled to a "downward departure" based on Marquez's allegation that he was a minimal participant</u>

Marquez argues that his trial attorneys were ineffective by failing to argue at sentencing that he was only a minimal participant, which would have resulted in Marquez's receipt of a downward "departure." Marquez contends that the district court erred in determining that Marquez's protestations of innocence foreclosed consideration for an adjustment in the offense role at sentencing. Marquez asserts that once he was convicted, "he nevertheless enjoyed the privilege[] of seeking" an adjustment as his status as an individual who had been recruited for a single

9

smuggling transaction involving a small amount of drugs was a situation considered by the guidelines to be an appropriate one for an adjustment under U.S.S.G. § 3B1.2.

In the context of noncapital sentencing, this court must determine whether there is a probability that, but for counsel's deficiency, the defendant's sentence would have been significantly less harsh. United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

The commentary of U.S.S.G. § 3B1.2 considers a downward adjustment for a minimal participant would be appropriate for an individual who was recruited as a courier for a single smuggling transaction involving a small amount of drugs. § 3B1.2, comment. (n. 2). Marquez cites this provision to support his argument that his attorneys were ineffective for failing to argue that Marquez was a minimal participant.

Although the district court considered this issue to be a sentencing issue, which could not be raised in a § 2255 motion, the district court also found that any argument of minimal participation would have contradicted Marquez's contention of innocence and that, furthermore, there was no credible evidence of any other person involved. Therefore, the court concluded that it would not have granted Marquez a sentence reduction under these circumstances.

Pena testified that his memory was unclear but that he believed that if he had not asserted that Marquez was a minimal participant it was because Marquez totally denied any knowledge of

the marihuana. Neither Pena nor Almaraz ever raised the argument that Marquez should have been entitled to an adjustment as a minimal participant.

Marquez's assertion fails. Marquez maintained his innocence in presentence investigation interviews and stated that he was approached by someone who offered him $200 to transport some unknown substance. The jury found Marquez guilty of possession of marihuana with intent to distribute. Whether the jury believed that Marquez was recruited by a third person or that he obtained the marihuana himself is not reflected in the verdict. Marquez possessed 404 pounds of marihuana, which is not a small amount. These factors support the district court's conclusion that the court would not have given Marquez a reduction in sentence for minimal participation. Therefore, even if Marquez's attorneys could be considered deficient for failing to raise this issue at sentencing, Marquez cannot show prejudice by demonstrating that there was a probability that, but for counsel's deficiency, Marquez's sentence would have been significantly less harsh. See Acklen, 47 F.3d at 742.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

11