**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20045

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY LAMONT MCDONALD,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

February 12, 2001

Before POLITZ, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Tracy Lamont McDonald ("McDonald") appeals from his conviction and sentence for one count of possession with intent to distribute five or more grams of cocaine base and one count of distribution of five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii). The district court sentenced McDonald to concurrent 120-month terms of imprisonment and concurrent eight-year terms of supervised release. Because we find that the possession and distribution charges merged into a single offense, we reverse and remand to the district court for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

On December 1, 1998, undercover Houston police officers and a confidential informant met with McDonald to arrange the purchase of crack cocaine from him. They then drove across town where McDonald confirmed the purchase and agreed to sell the crack cocaine for $300. McDonald subsequently walked to an unknown residence in the 5400 block of Bataan Street (the "Bataan street residence") and thereafter returned to the car with approximately 12 grams of crack cocaine in his left hand that he delivered to the undercover officers.

McDonald was arrested and charged in a two-count indictment with possession with intent to distribute in excess of five grams of crack cocaine (Count 1) and distribution of more than five grams of crack cocaine (Count 2). He subsequently pleaded guilty to both counts, and the district court sentenced him to 120 months' imprisonment on each count with the sentences to run concurrently. McDonald now appeals the conviction and sentence.

DISCUSSION

McDonald raises as the sole issue on appeal that the district court erred in convicting and sentencing him for both possession with intent to distribute crack cocaine and distribution of crack cocaine instead of merging the possession offense into the distribution offense. Although the district court imposed concurrent terms of imprisonment, both convictions carried a mandatory special assessment of $100, making the punishment on the two counts cumulative. See Rutledge v. United States, 517 U.S. 292, 301-03 (1996). Although McDonald did not raise this challenge in the district court, the government concedes that McDonald may raise the issue for the first time on appeal because 18 U.S.C. § 3013 required the district court to impose the mandatory assessment on each count. See id.

2

McDonald argues that both counts should be merged, in accordance with United States v. Hernandez, 591 F. 2d 1019, 1022 (5th Cir. 1979) (en banc) (merging into a single offense the defendant's possession with intent to distribute offense and his distribution offense because "there was no evidence of [the defendant's] possession of a controlled substance with intent to distribute it apart from the evidence of the actual sale. When the intent to distribute was executed by a successful sale, the possession with intent to do so merged into the completed offense.") (citing United States v. Curry, 512 F. 2d 1299, 1306 (4th Cir. 1975)); see also United States v. Scott, 987 F. 2d 261, 266 (5th Cir. 1993) (stating that "[a] single drug sale cannot support a conviction for possession with intent to distribute, as well as a conviction for distribution"). In contrast, the government argues that the possession and distribution counts should not be merged into a single offense because the instant case's facts are indistinguishable from those of United States v. Foundas, 610 F. 2d 298, 302 (5th Cir. 1980) (holding that the possession charge was separate from the distribution charge because the defendant "admitted telling the DEA officer that she had cocaine; she disappeared at one point to get it; and she produced cocaine from her purse at the appropriate moment"). In particular, the government asserts that McDonald's return from the Bataan street residence holding the crack cocaine in his left hand constitutes evidence of an act of possession separate from the act of distribution.

A review of the record, however, indicates, that this case is indistinguishable from Hernandez. Unlike in Foundas, where there was clear evidence to indicate that the defendant had a reserve supply of drugs from which she could make an additional drug transaction with undercover agents and that she left the agents for a period of time in order to receive the drugs from a hiding place, there is no such evidence here. For instance, there is no evidence to show that McDonald retrieved the crack

3

cocaine from the Bataan street residence or purchased it from someone there. As McDonald argues, that he returned from the residence with the crack cocaine in his left hand may simply indicate that he took the cocaine out of his pocket after he decided that it was safe for him to complete the drug deal. Thus, as in Hernandez, the intent to distribute the crack cocaine, as well as McDonald's possession with intent to distribute the cocaine, was achieved by the sale of it to the undercover officers. See Hernandez, 591 F. 2d at 1022.

## CONCLUSION

Because we find that the possession and distribution charges merge into a single offense, we REVERSE and REMAND to the district court for further proceedings consistent with this opinion. REVERSED AND REMANDED.