IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41006
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN ANTONIO VALADEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-293-1
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    Juan Antonio Valadez appeals his sentence following a guilty plea to one count of possession with intent to distribute approximately 301.6 pounds of marijuana.  Valadez argues that he was erroneously denied a safety-valve reduction pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).

    The district court's determination whether § 5C1.2 applies is a factual finding, which we review for clear error.  United States v. Rodriquez, 60 F.3d 193, 195 n.1 (5th Cir. 1995).  A factual finding is not clearly erroneous if it is plausible in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light of the record read as a whole. United States v. Watson, 966 F.2d 161, 162 (5th Cir. 1992).

The district judge did not find Valadez credible. Valadez was examined by his own counsel and the district judge and was cross-examined by the Government. The district judge "on the balance" was unable to disagree with the Government and was "troubled" by Valadez's testimony that he could not lead authorities back to the warehouse where the marijuana was loaded. Where essential fact findings turn on the finder of fact's credibility determinations, we are loath to overturn such findings under the "clearly erroneous" standard of review. "`An appellate court is in no position to weigh conflicting evidence and inferences or to determine the credibility of witnesses; that function is within the province of the finder of fact.'" United States v. Samples, 897 F.2d 193, 198 (5th Cir. 1990) (citations omitted). We cannot say the district court clearly erred.

AFFIRMED.