United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-40039

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD S PAINTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
2:01-CR-00190

_____

Before HIGGINBOTHAM, WIENER, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Richard Painter pleaded guilty to one count of possession with intent to distribute approximately 85 grams of methamphetamine and one count of possession with intent to distribute approximately 42 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C). Painter received a sentence of 115 months and did not file a direct appeal. Painter then moved, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. The district court denied this motion

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

and declined to issue a certificate of appealability ("COA"). Painter timely appealed. The Fifth Circuit issued a COA on two issues: "(1) whether counsel's erroneous advice regarding offenses for which Painter could have been prosecuted following extradition rendered his guilty plea involuntary, and (2) whether the procedural default doctrine applies to claims based on the rule of specialty or whether such claims may be raised for the first time in a § 2255 motion." The court also stated: "In addition, the parties are directed to brief whether Painter has standing to assert claims based on the rule of specialty." We affirm.

## I. FACTS AND PROCEEDINGS

On July 6, 1999, Corpus Christi police officers arrested Painter and searched his home pursuant to a warrant. They found marijuana, LSD, methamphetamine, cocaine, Rohypnol, currency, and several guns. On June 14, 2001, the government charged Painter with possession with intent to distribute methamphetamine and possession with intent to distribute cocaine. Painter was released on bond on June 18, 2001.

Painter failed to appear for his July 30, 2001 rearraignment and his July 31, 2001 final pre-trial conference. On December 12, 2001, the government charged him with two counts of failure to appear. At some point during these events, Painter absconded to Costa Rica where he was arrested on April 4, 2002. The United States government sought extradition based on both the drug possession and failure to appear charges. Painter fought the extradition, but Costa Rica extradited him pursuant to a Spanish-language extradition order, issued by a court, which stated, unbeknownst to the parties at the time because the document was untranslated, that:

> The delivery of the individual requested is subject to the existence of a formal pledge, on the part of the authorities of the United States Government, that Richard Stuart Painter will not be tried for acts different from those that prompted the extradition and that they will not apply penalties different from those indicated in Title 21, Article

- 2 -

841(a)(1) of the Code of the United States of America.

On February 20, 2003, Painter appeared for a pre-trial conference on the failure to appear charges. The government announced that, upon Painter's guilty plea or guilty verdict in the pending drug case, it would move to dismiss the failure to appear indictment. That same day, Painter pleaded guilty to both counts of the drug possession indictment. Later, the district court dismissed the failure to appear indictment on the government's motion.

The pre-sentence report ("PSR") recommended upward adjustment for obstruction of justice and denial of acceptance of responsibility, based on Painter's failure to appear and flight to Costa Rica. Painter, through appointed counsel, filed objections to the PSR, but he did not challenge either recommendation on the ground that it violated the Rule of Specialty—a provision in the extradition treaty between the United States and Costa Rica, common to such treaties, allowing a country to extradite only for specified crimes. Painter never raised a direct Rule of Specialty objection, but he argued for acceptance of responsibility and against the government's suggestion of an upward departure based on inadequacy of criminal history. The court adopted the PSR in its entirety, rejecting an upward departure. The applicable range was 97 to 121 months. The government recommended 108 months, Painter sought 97 months, and the court sentenced him to 115 months on each count, to run concurrently, citing his flight and disrespect for the court.

Painter did not file a direct appeal. He moved, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Painter raised four issues: (1) that the denial of acceptance of responsibility violated the Rule of Specialty because it was based on the failure to appear offense; (2) that the upward adjustment for obstruction violated the Rule of Specialty for the same reason; (3) that he was denied effective assistance of counsel by his counsel's failure to raise the first two grounds; and (4)

that his plea was unknowing and involuntary because he pleaded guilty to avoid prosecution for failure to appear, he could not be charged with failure to appear given the Rule of Specialty, and his counsel was ineffective in not advising him as such. The district court denied the motion and declined to issue a COA. Painter timely appealed and also filed a motion, under FED. R. CIV. P. 60(B), seeking relief from the judgment, which the district court denied.

Painter sought a COA from this court. This court granted the COA, in part, regarding: "(1) whether counsel's erroneous advice regarding offenses for which Painter could have been prosecuted following extradition rendered his guilty plea involuntary, and (2) whether the procedural default doctrine applies to claims based on the rule of specialty or whether such claims may be raised for the first time in a § 2255 motion." The court also stated: "In addition, the parties are directed to brief whether Painter has standing to assert claims based on the rule of specialty." In his brief, Painter concedes all claims except for ineffective assistance of counsel. We therefore address only this claim.

## II. STANDARD OF REVIEW

In evaluating the district court's denial of a 28 U.S.C. § 2255 motion, we review findings of fact for clear error and questions of law de novo. *United States v. Scott*, 987 F.2d 261, 264 (5th Cir. 1993). The district court's conclusion on an ineffective assistance of counsel claim constitutes a mixed question of law and fact, which we review de novo. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).

## III. DISCUSSION

On appeal, Painter argues that his guilty plea was involuntary because it was predicated on advice from his trial counsel that he could be prosecuted for failure to appear if he did not plead guilty

to the drug charges. Painter alleges that his trial counsel told him that the failure to appear indictment was still viable and that, if he were convicted of both the drug charges and the failure to appear charges, his sentences for drug possession and failure to appear would be consecutive.

Imbedded in this ineffective assistance of counsel claim is the assertion that an individual defendant can properly invoke the Rule of Specialty contained in an extradition treaty between the United States and another nation. This issue remains unsettled. *See United States v. LeBarron*, 156 F.3d 621, 627 (5th Cir. 1998). We need not resolve it here, however, as we determine that Painter's ineffective assistance of counsel claim lacks merit for an independent reason. In addition, we note that the issue of whether Painter could invoke the Rule of Specialty, which we do not resolve, is distinct from that of Painter's standing to file a § 2255 motion, which we must. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–101 (1998). We hold that Painter has standing to file this § 2255 motion.

In order to succeed on his ineffective assistance of counsel claim, Painter must demonstrate that: (1) his trial counsel was deficient and (2) the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Prejudice means that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Evaluating prejudice in the context of an allegedly involuntary guilty plea involves asking "whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Painter does not dispute that the government agreed to dismiss the failure to appear charges if he either pleaded guilty to or was convicted of the drug charges. Instead, he notes that the district court expressed uncertainty regarding whether it would grant the motion to dismiss the failure to appear charges and that these charges could potentially be refiled later. Painter asserts that, as a result of this situation, the offer to dismiss the failure to appear charges was a "hollow" offer.

Having considered the parties' arguments, we conclude that there is not "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Accordingly, Painter has failed to satisfy the second requirement for an ineffective assistance of counsel claim.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.