# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2020

Lyle W. Cayce
Clerk

No. 19-60550
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS SHELBY,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-435
USDC No. 3:16-CR-73-3

Before CLEMENT, HIGGINSON and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Marcus Shelby, federal prisoner # 19953-043, pleaded guilty to conspiracy to possess with the intent to distribute cocaine hydrochloride and was sentenced to 180 months in prison. He now appeals the denial of his 28 U.S.C. § 2255 motion after the district court granted him a certificate of appealability as to his ineffective assistance of counsel claims.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60550

This court reviews the district court's legal conclusions de novo and its factual findings for clear error. *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005). To succeed on an ineffective assistance of counsel claim, a defendant is required to make a two-part showing. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show his counsel's representation fell below an objective standard of reasonableness. *See id.* at 687-88. Second, he must show his counsel's deficient performance prejudiced the defense. *See id.* at 687. Shelby has not made the required showing with respect to either of his ineffective assistance claims.

Shelby first argues his plea was not knowing and voluntary because Sanford Knott, his attorney during the plea proceedings, promised him he would serve only one or two years in prison if he were to plead guilty. Shelby's allegation contradicts his signed plea agreement, which stated the statutory sentencing range was 5 to 40 years of imprisonment. It also contradicts his sworn statements at his plea hearing that his guilty plea was not induced by any promise other than his plea agreement and that he understood the statutory mandatory minimum prison sentence for his offense was five years. Shelby's statements at the plea hearing "carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings," and he has not made the required showing to prove Knott made the alleged promise. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (internal quotation marks and citation omitted).

Shelby next argues Joseph Hollomon, his attorney at sentencing, did not file a notice of appeal after Shelby asked him to do so. After holding an evidentiary hearing on the question of whether Shelby asked Hollomon to file an appeal, the district court credited Hollomon's testimony that Shelby decided not to appeal after consulting with him and found Hollomon's account was

No. 19-60550

corroborated by other testimony.  Shelby disputes Hollomon's credibility, arguing he had an incentive to lie because he could have faced disciplinary action if he admitted to disregarding Shelby's instructions.  However, this court will not second-guess the district court's credibility determination as it is "in no position to weigh conflicting evidence and inferences or to determine the credibility of witnesses." *United States v. Samples*, 897 F.2d 193, 198 (5th Cir. 1990) (internal quotation marks and citation omitted); *see also United States v. Nixon*, 881 F.2d 1305, 1310 (5th Cir. 1989).  Shelby has not shown the district court clearly erred in finding he did not instruct Hollomon to file a notice of appeal.  The district court did not err by concluding that Shelby failed to show that Knott or Hollomon rendered ineffective assistance.  *See Strickland*, 466 U.S. at 687-88.  The district court's judgment is AFFIRMED.