UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles Edward PAYNE, Defendant-
Appellant.

No. 72–1513

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Rehearing Denied Oct. 20, 1972.

Certiorari Denied Jan. 22, 1973.
See 93 S.Ct. 975.

---

* Rule 18, 5th Cir.   See Isbell Enterprises,
Inc. v. Citizens  Casualty  Co.  of  New
York et al., 5th Cir. 1970, 431 F.2d 409,
Part I.

Tom M. Shaw, Dallas, Tex. (Court-appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Ft. Worth, Tex., Charles R. Parrett, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

GEWIN, Circuit Judge:

The appellant, Charles Edward Payne, was convicted on two counts of possession of stolen property [1] in violation of Title 18, U.S.C. § 659.[2] Punishment under § 659 is for one to ten years if the value of the stolen property exceeds $100 and for not more than one year if the value is less than that amount. In accordance with the jury's special finding that the stolen property in question exceeded $100 in value, Payne was sentenced to a seven year prison term on each count, the sentences to run concurrently. On this appeal, Payne seeks either a new trial or resentencing under the misdemeanor provisions of § 659.

Payne alleges the following errors: (1) that the evidence was insufficient to show that the stolen goods in his possession were in excess of $100.00 in value; (2) that the evidence adduced with respect to the second count was insufficient to show that he had knowledge that the Philco television described in the indictment was stolen; and (3) that he was deprived of a fair trial because evidence directed to the issue of knowledge was admitted to show that he had recently possessed other stolen property. Finding no merit in any of these contentions, we affirm.

The government presented several witnesses who testified concerning the ownership and value of the property found in Payne's possession. Government agents recovered ten pairs of slacks from Payne. Four pairs had their original tags still attached and were positively identified as a part of the interstate shipment that was stolen. Although the remaining six pairs had no tags when recovered, the evidence indicated that they were also a part of the stolen ship-

---

1. Payne was charged in Count 1 with the possession of stolen Haggar slacks and in Count 2 with the possession of a stolen Philco television. It was alleged in each count of the indictment that the stolen property therein described exceeded $100.-00 in value.

2. 18 U.S.C. § 659 provides:
   Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any railroad car, wagon, motortruck, or other vehicle,. or from any station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation fa-

cility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express; or
   Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen;

   .    .    .    .    .

   Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; but if the amount or value of such money, baggage, goods or chattels does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

ment. These slacks were made of the same material and had the same lot identification numbers as the tagged slacks. The retail value of the slacks was at least $20.00 per pair for a total value of $200.00.

The Philco television found in Payne's possession was positively identified as having been stolen from an interstate shipment between Atlanta, Georgia and Dallas, Texas. Its retail value was set at $109.95 and the dealer price was estimated to be $84.00. While under investigation, Payne attempted to explain his possession of the television to F.B.I. Agent Coward by producing a receipt showing that he had purchased it for $35.00 from a man named Walter G. Big Man Brown. At trial, however, Payne offered no evidence to corroborate this story.

Agent Coward testified that in his first search of Payne's house he recovered an electric typewriter along with the slacks. This typewriter was identified by its owner as one which had been recently stolen from the office of his local business. Payne has never been prosecuted or charged criminally for the possession of the stolen typewriter.

Payne presented no countervailing testimony to support any of his contentions He relies on what he contends to be insufficiencies in the government's case.

■ We deal first with Payne's contention that the evidence was insufficient to support the jury's finding that the value of the stolen property described in each count exceeded $100.00. At the outset, we note that Payne's convic-

tion must be sustained if, taking the view most favorable to the government, the evidence was sufficient to withstand a motion for a directed verdict of acquittal.[3]

■ There is no dispute about the value of each pair of slacks ($20.00) involved in count one. The sole question is whether the evidence showed that the six pairs of untagged slacks were stolen from the interstate shipment. If the government had failed entirely to link those slacks with that shipment, the jury clearly could not have concluded that the value of the property described in count one exceeded $100.00. There was, however, no such omission in the government's proof.[4] A number of similarities were established between the tagged and untagged slacks which suggested that both came from the stolen shipment. While this evidence may have been susceptible to opposing inferences, we think that it was legally sufficient to sustain the jury's determination that the stolen slacks exceeded $100.00 in value.

■ Likewise without merit is Payne's argument that the value of the Philco television did not exceed $100.00. Although one witness estimated that the television's dealer price was $84.00, the testimony also showed undisputedly that its retail price was $109.95. We do not think, as Payne apparently contends, that the jury was bound to accept the $84.00 figure as being the television's value for § 659 purposes. The jury was properly instructed that value means "face, par, or market value, or *cost price, wholesale or retail, whichever is greater.*"[5]

---

3. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 704 (1942); United States v. McGlamory, 441 F.2d 130, 134 (5th Cir. 1971); United States v. Kershner, 432 F.2d 1066, 1070 (5th Cir. 1970).

4. Payne cites several cases in support of his position, none of which alters our conclusion. Robinson v. United States, 333 F.2d 323 (8th Cir. 1964); United States v. Wilson, 284 F.2d 407 (4th Cir. 1960); Cartwright v. United States, 146 F.2d 133 (5th Cir. 1944).

5. 18 U.S.C. § 641. This circuit has not expressly held that the definition of "value" in § 641 is applicable to § 659. The Ninth Circuit in Torres v. United States, 270 F.2d 252, 256 (9th Cir. 1959) cert. denied 362 U.S. 921, 80 S.Ct. 675, 4 L.Ed.2d 741 (1960) has so held and we approve that holding. See also United States v. Lewis, 362 F.2d 759, 762 (2d Cir. 1966); Sachs v. United States, 281 F.2d 189 (9th Cir.) cert. denied, 364 U.S. 909, 81 S.Ct. 272, 5 L.Ed.2d 224 (1960).

It appears that the jury faithfully complied with these instructions and the evidence, we think, supported their conclusion as to the value of the television.

■■ Payne's second contention is that the evidence was insufficient to prove he had knowledge that the television was stolen. It is well settled law that the unexplained possession of recently stolen property will sustain an inference of knowledge that the property was stolen.[6] Despite the government's carefully laid foundation, it is claimed that this inference was destroyed because of the evidence introduced by the government with reference to Payne's explanation of his possession of the television. Payne claims that this result follows since such evidence was contrary to the inference of knowledge that the government desired to have the jury to draw. We disagree. Although some aspects of the government's evidence conceivably may have been inconsistent with its overall theory of the case, we think that the jury was still authorized to conclude that Payne knew the television was stolen. Even Payne's own authority betrays his argument on this point:

"We do not mean that in every case where some of the government's evidence is arguably contrary to an inference that it wishes to have the jury draw from *other evidence*, the inference may not be drawn." (Emphasis added) Rodgers v. United States, 402 F.2d 830, 834 (9th Cir. 1968).

Moreover, even if Payne's contentions with respect to the value of the television set and his lack of knowledge that it was stolen should be sustained, it would avail him nothing in view of our conclusion, which is amply supported by the record, that the evidence adduced to support the charge in count 1 was sufficient. Such being the case, since the sentences imposed under counts 1 and 2 are to run concurrently, the judgment should be affirmed under the concurrent sentence doctrine. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); United States v. Dumenigo, 444 F.2d 253 (5th Cir. 1971).

■■ We turn now to Payne's final contention that the trial court committed prejudicial error by admitting into evidence testimony that a recently stolen typewriter was found in his possession during the same time period the slacks and television were recovered. Payne points out that he has never been prosecuted or charged criminally in connection with the stolen typewriter. Within the last year, this court has restated the rule that evidence of other criminal acts " 'will be received for the purpose of showing knowledge, intent, motive, design or scheme where such element is an essential of the commission of the offense.' " United States v. McGlamory, 441 F.2d 130, 137 (5th Cir. 1971). We think that the testimony adduced at trial was admitted for the proper purpose of showing Payne's knowledge that the slacks and television were stolen. Payne's argument on this point is without merit.

Finding that there was ample evidence to support the jury's verdict and that the trial court's actions were free from error, the judgment is affirmed.

6. United States v. Rawls, 421 F.2d 1285, 1287 (5th Cir. 1970); United States v. Prujansky, 415 F.2d 1045, 1051 (6th Cir. 1969); United States v. Reed, 414 F.2d 435, 438 (5th Cir. 1969) reversed on other grounds, 421 F.2d 190 (1969).