**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward A. BECKELHYMER, Jr., Defendant-Appellant.**

No. 72-3455

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 20, 1973.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

George P. Kazen, Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, James R. Gough, Alvin A. Horne, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The opinion of this court dated May 15, 1973, is withdrawn and the following opinion is adopted as the opinion of the court.

Beckelhymer was convicted by a jury on six counts charging violations of certain provisions of the Gun Control Act of 1968[1] and on one count charging that he conspired to violate the provisions of that law. The court imposed a sentence of five years imprisonment on each substantive count, but suspended all of these sentences and placed the defendant on probation for five years for each count with the probation periods to run concurrently. The court also imposed a sentence of five years imprisonment and a 10,000 dollar fine on the conspiracy count. The imprisonment on this count was likewise suspended and Beckelhy-mer was placed on probation conditioned on the payment of the fine in monthly installments. On this appeal the defendant contends that the evidence was insufficient to support any of the jury verdicts.

■■ The record contains ample evidence from which the jury could properly have found that Beckelhymer conspired to violate the provisions of this Act. The concurrent sentence doctrine makes it unnecessary to examine the defendant's claims that the jury verdicts on the substantive counts were unsupported by evidence. *E. g.*, United States v. Stone, 472 F.2d 909 (5th Cir. 1973); United States v. Payne, 467 F.2d 828 (5th Cir. 1972). The judgment appealed from is

Affirmed.

---

1. Specifically, three violations of 18 U.S.C. § 922(b)(3) and three violations of 18 U.S.C. § 922(m).

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).