**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond Stanley GRIFFIN, Defendant-Appellant.**

No. 74–3033.

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1976.

---

John P. Kirtz, Jr., Pensacola, Fla., (Court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Nick P. Geeker, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

The appellant, Raymond Stanley Griffin, was charged with the theft of personal property in violation of 18 U.S.C.A.

§ 661.[1] Each of the three counts of the indictment alleged the theft of property of a value in excess of $100. The appellant entered a not guilty plea and a jury trial followed.

At the trial the owner of the items described in Count One testified that their aggregate value at the time of purchase exceeded $100. Each of the owners of the property listed in the other counts testified as to what he paid for them. In each instance the amount was more than $100.

During part of the trial the public address system in the courtroom did not function properly. The members of the jury were told to advise the court if they could not hear, and precautions were taken to insure that the witnesses were heard. Griffin did not object to the proceedings or request a continuance of the trial until the speaker system could be corrected.

After the close of the government's case Griffin moved for a judgment of acquittal on the ground that "There is not any direct evidence whatsoever connecting Mr. Griffin with committing the acts and it is not clear and substantial evidence to justify it going to the jury." The motion was denied, and it was renewed and again denied at the close of all the evidence.

The verdict was guilty on all counts. The court imposed concurrent sentences with confinement pursuant to the Youth Corrections Act, 18 U.S.C.A. §§ 5005–5024.

On appeal Griffin makes two claims. Although these are raised for the first time on appeal they will be considered on their merits.

Griffin contends that the evidence was not sufficient to support a jury finding that the value of the prop-

1. "Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both."

erty listed in each of the counts exceeded $100. He asserts that the term "value" as used in 18 U.S.C.A. § 661 means value at the time of the theft. This not having been shown, argues Griffin, he is subject only to conviction for a misdemeanor and the case should be remanded for resentencing. The statute has been otherwise construed. It has been held that,

> "Although value is not defined in 18 U.S.C.A. § 661, Section 641 does specify certain criteria, to-wit, 'the word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.' Since Sections 661 and 641 are both within Chapter 31 of Title 18, it is reasonable to conclude that the definition of value under Section 641 is equally applicable to Section 661." *United States v. Quinn*, 8th Cir. 1972, 467 F.2d 624, 626, cert. den. 410 U.S. 935, 93 S.Ct. 1390, 35 L.Ed.2d 599.

The evidence was sufficient to establish that the cost price of the items in each count exceeded $100. Value was properly shown. *United States v. Meyers*, 9th Cir. 1971, 443 F.2d 913; *Fulks v. United States*, 9th Cir. 1960, 283 F.2d 259, cert. den. 365 U.S. 812, 81 S.Ct. 693, 5 L.Ed.2d 692, reh. den. 365 U.S. 864, 81 S.Ct. 824, 5 L.Ed.2d 827.

Griffin also urges that he was denied his constitutional right to a public trial and confrontation of witnesses against him by virtue of the defective public address system. He claims that the court and jury were unable to hear the government's witnesses. The record does not support this assertion. On the contrary, the record shows that the court provided that the necessary participants heard the testimony of the witnesses and all other proceedings. No error was committed.

The judgment of the district court is affirmed.