**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard LOPEZ, Defendant–Appellant.**

No. 94–50066.

United States Court of Appeals,
Ninth Circuit.

Sept. 12, 1995.

---

Peter M. Ferguson, San Francisco, CA, for defendant-appellant.

Saul D. Brenner, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, and BEEZER, Circuit Judges, and JONES,* District Judge.

## ORDER

### I.

Richard Lopez was convicted of conspiring to steal a large shipment of cigarettes and aiding and abetting the theft. 18 U.S.C. §§ 371, 659. We affirmed in an unpublished memorandum disposition. On a motion for court-appointed counsel and an extension of time to file a second petition for rehearing, Lopez argues, inter alia, that the district court (1) failed to determine the cigarettes' value as required by Fed.R.Crim.P. 32(c)(3)(D), and (2) erred in sentencing Lopez

---

* Honorable Robert E. Jones, District Judge, United States District Court for the District of Oregon, sitting by designation.

based on the cigarettes' retail, rather than wholesale, value.[1]

## II.

■ The district court ruled on the cigarettes' value, and adopted the retail measure—almost one million dollars. Thus, the district court satisfied Fed.R.Crim.P. 32(c)(3)(D). *United States v. Rosales*, 917 F.2d 1220, 1222 (9th Cir.1990).

## III.

Under Section 2B1.1(b)(1) of the Sentencing Guidelines, the offense level depends on the value of the "loss." United States Sentencing Commission, *Guidelines Manual* § 2B1.1(b)(1) (Nov. 1993). The Commentary to the Guidelines defines loss as

> the value of the property taken, damaged, or destroyed. Ordinarily, when property is taken or destroyed the loss is the fair market value of the particular property at issue. Where the market value is difficult to ascertain or inadequate to measure the harm to the victim, the court may measure the loss in some other way, such as reasonable replacement cost to the victim.

USSG § 2B1.1, comment. (n. 2). Moreover, "the loss need not be determined with precision." USSG § 2B1.1, comment. (n.3). Rather, "[t]he court need only make a reasonable estimate of the loss, given the available information." *Id.*

■ The amount of the loss is a factual issue. The district court used retail value as an estimate of fair market value. We cannot say, considering the record and the underlying circumstances, that the district court clearly erred. *Compare United States v. Watson*, 966 F.2d 161, 162–63 (5th Cir.1992); *United States v. Russell*, 913 F.2d 1288, 1292–93 (8th Cir.1990).[2]

Lopez argues that the district court should have used the wholesale value because the cigarettes were packaged for shipment to Japan. However, Lopez concedes that "the market value [of the cigarettes] is indeed difficult to ascertain." Appellant's Opening Brief at 18.

Moreover, the government notes that Edward Cermack, a representative of Philip Morris International, testified that the fair market value of the cigarettes was basically the retail value—$900,000 to $950,000. Although this figure may include taxes and shipping costs, this Court has previously included these amounts in the loss calculation under Section 2B1.1. *See United States v. Burns*, 894 F.2d 334, 335–36 (9th Cir.1990). The Commission did not intend for the district court to "pars[e] ... the loss figure" and break it down into its myriad components. *Id.* at 336.

Lopez's requests for court-appointed counsel and an extension of time to file a second petition for rehearing are denied.

MOTION DENIED.

---

1. We addressed Lopez's other arguments in the memorandum disposition.

2. Unlike the Fifth and Eighth Circuits, we do not believe that a sentencing court *must* use the retail value (if it is the highest possible measure of value) in cases of theft of interstate shipments under 18 U.S.C. § 659. We apply the definition of "loss" found in the Sentencing Guidelines, not the definition of "value" used to determine liability under 18 U.S.C. §§ 641, 659. If a sentencing court believes that the retail value is not a reasonable estimate of the loss, it may "measure the loss in some other way" under the Guidelines. USSG § 2B1.1, comment. (n.2).