IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50714
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUBREY "BUCK" BARCHEERS,
also known as Audrey "Buck" Barcheers;
MARTY BARCHEERS,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Texas
(96-CR-138-1)

October 9, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Aubrey "Buck" Barcheers ("Buck") and
Marty Barcheers ("Marty") appeal their convictions and sentences
for conspiracy to commit mail and wire fraud and aiding and
abetting mail fraud.  Buck argues that the district court erred in
allowing the government to elicit evidence of violent acts.  He has
fail to demonstrate, though, that the admission of the testimony of
Douglas Dooley or Melissa Butler rose to the level of plain error.
See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir.

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1995)(en banc). Furthermore, the act about which Dooley testified was related to the crime of conviction, a conspiracy in which he participated. See United States v. Royal, 972 F.2d 643, 647 (5th Cir. 1992).

Buck also challenges the admission of evidence that he waived a pistol at another employee. As he specifically put his character for peacefulness at issue by calling John Curry to testify about it, however, the government was entitled to cross-examine Curry on a relevant specific instance of conduct. Fed. R. Evid. 404(a); United States v. Archer, 733 F.2d 354, 361-62.

Marty argues that the district court erred in denying his motion for severance. He has not shown that the denial was error, however, as he has failed to meet the burden of demonstrating specific and compelling prejudice resulting in an unfair trial. See United States v. Hare, 150 F.3d 419, 426 (5th Cir. 1998).

Both appellants argue that the district court erred in calculating the amount of loss attributable to them for sentencing purposes, pursuant to U.S.S.G. § 2F1.1(b)(1). We conclude, however, that the district court's loss calculation is plausible in light of the record as a whole and is thus not clearly erroneous. See United States v. Hooker, 997 F.2d 67, 75 (5th Cir. 1993); United States v. Watson, 966 F.2d 161, 162 (5th Cir. 1992). As it was a plausible estimation of the loss using the reasonably available information, we uphold the district court's § 2F1.1(b)(1) loss calculation. See also United States v. Parker, 133 F.3d 322, 329 (5th Cir.), cert. denied, 118 S. Ct. 1851 (1998).

Buck also challenges the two-level increase imposed, pursuant to § 2F1.1(b)(4), for the reckless risk of serious bodily injury. He argues that the alleged assault on Dooley, on which the increase was based, was unrelated to his underlying conviction. Yet Buck does not challenge the alternative ground for the enhancement, i.e., the risk of well failure and possibility of explosion or fire caused by his conduct, and has therefore failed to demonstrate that the district court committed clear error. See Hooker, 997 F.2d at 75; Watson, 966 F.2d at 162.

Buck additionally challenges the four-level increase he received for his leadership role, pursuant to § 3B1.1(a), contending that there were not five or more criminal participants. In light of the record, we conclude that the district court did not clearly err in finding that there were at least five criminal participants. See United States v. Boutte, 13 F.3d 855, 860 (5th Cir. 1994).

AFFIRMED.