IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51069
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALMA ROSA PEREZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-98-CR-101-2
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

Alma Rosa Perez appeals her sentence in a guilty-plea conviction for possession with intent to distribute marijuana. The district court found that Perez' recruitment of Gilberto Gonzales Juarez to assist her qualified her as a leader or organizer under § 3B1.1 of the United States Sentencing Guidelines. Perez contends that she does not meet the definition of a § 3B1.1 leader or organizer because Juarez was not

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminally responsible and because she did not exercise control or authority over Juarez.

The determination that a defendant is a § 3B1.1 "leader or organizer" is a factual finding to be reviewed for clear error. United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995). The district court adopted the findings of the presentence report (PSR) in full. Although the district court did not make an express finding that Juarez was criminally responsible and, therefore, a participant under § 3B1.1, such a finding is implicit in the judgment and is supported by both the PSR and the sworn criminal complaint. See United States v. Sherbak, 950 F.2d 1095, 1099-1101 (5th Cir. 1992); United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1992). Moreover, there is ample evidence that Perez recruited Juarez and exercised some degree of authority over him. Recruitment of accomplices is a factor to be considered under § 3B1.1. United States v. Giraldo, 111 F.3d 21, 24-25 (5th Cir. 1997).

As the district court's findings are plausible in light of the record as a whole, they are not clearly erroneous. United States v. Watson, 966 F.2d 161, 162 (5th Cir. 1992). Therefore, we AFFIRM the judgment of the district court.

AFFIRMED.