IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31167
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS TOBIAS OBREGON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CR-68-R-1

_____

August 4, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The appellant, Jesus Tobias Obregon, was indicted along with his codefendant, Berta Vicente, on charges of conspiracy to possess cocaine with intent to distribute and attempted possession of cocaine with intent to distribute.

Obregon appeals the district court's finding that he did not meet the requirements for the so-called "safety valve" provision under U.S.S.G. § 5C1.2, which allows defendants who meet certain conditions to avoid the imposition of a mandatory minimum sentence. See United States v. Rodriquez, 60 F.3d 193, 196 (5th Cir. 1995).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The fifth requirement, at issue here, allows a defendant the safety valve if, having met the other requirements,

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that a defendant has complied with this requirement.

U.S.S.G. § 5C1.2(5).

A sentencing court's refusal to apply § 5C1.2 is a factual determination that this court reviews for clear error. United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995). A factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole. United States v. Watson, 966 F.2d 161, 162 (5th Cir. 1992).

The record amply supports the district court's decision. During his interview with the government, Obregon maintained that Vicente had no knowledge of the drug transaction and did not know that Obregon intended to use her vehicle to travel to New Orleans to pick up the cocaine. However, the record shows that Vicente was directly involved in the transaction and was well aware of the purpose of both Obregon's use of her vehicle and his trip to New Orleans. In addition, Obregon was evasive during the interview, changing his statement regarding certain points, such as when he

2

obtained the vehicle and whether Vicente was with him in New Orleans.

Although Obregon may have admitted the underlying facts by signing the government's factual basis, although he may have provided other information to the government, and although his interview may have had no effect on the government's case against Vicente, he nevertheless gave false information to the government during his interview. A defendant must truthfully provide all information in his possession, regardless of whether it is useful or already known to the government. See United States v. Real-Hernandez, 90 F.3d 356, 361 (9th Cir. 1996).

Obregon's reliance on United States v. Flanagan, 87 F.3d 121, 125 n.3 (5th Cir. 1996), for the proposition that his acceptance of responsibility and guilty plea entitle him to the safety valve is misplaced. Not only is the statement on which Obregon relies *dicta*, there was no indication in Flanagan that the defendant had been untruthful or had contradicted his earlier statements, in contrast to the situation in the present case.

Accordingly, the district court did not clearly err in refusing to apply the safety valve.

A F F I R M E D.