IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51129
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO LUNA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-51-1
--------------------

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Armando Luna pleaded guilty to count 1 of an indictment charging him with possession with intent to distribute marijuana and has appealed his sentence. Luna contends that the district court erred in determining the quantity of drugs attributable to him.

We review the sentencing court's calculation of the quantity of drugs involved for clear error. United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993). A factual finding is not clearly erroneous if it is plausible in light of the record read as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whole.  <u>United States v. Watson</u>, 966 F.2d 161, 162 (5th Cir. 1992).

Luna argues that he never intended, nor was he capable of supplying 800 pounds of marijuana attributed to him at sentencing.  The record reflects that Luna both intended to, and was capable of supplying this marijuana.  The uncontroverted facts in the Presentence Investigation Report (PSR) support this finding.  Luna has not produced any evidence to refute the report.  Because Luna did not present any rebuttal evidence to refute the facts in the PSR, the district court was free to adopt those facts without further inquiry.  See <u>United States v. Mir</u>, 919 F.2d 940, 943 (5th Cir. 1990).  Luna has failed to show that the district court clearly erred in the amount of drugs attributed to him.

AFFIRMED.