**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-40839
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD PATTERSON, and SHARON ANNELLA McENTIRE, a.k.a. SHARON A. PATTERSON,

Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of Texas
(6:97-CR-51-1)

September 13, 1999

Before DUHÉ, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

James Patterson appeals his conviction for five counts of mail fraud, 18 U.S.C. § 1341, conspiracy to commit mail fraud, 18 U.S.C. § 371, conspiracy to commit money laundering, 18 U.S.C. § 1956(h), and filing a false claim for pensions, 18 U.S.C. § 289. Sharon McEntire appeals her conviction for conspiracy to commit money laundering, 18 U.S.C. § 1956(h). We affirm.

I

Patterson argues that the court erred in denying his motion of a judgment of acquittal. A motion for a judgment of acquittal challenges the sufficiency of the evidence to convict. *See United States v. Medina,* 161 F.3d 867, 872 (5th Cir. 1998), *cert. denied*, __ U.S. __, 119 S. Ct. 1344, 143 L. Ed. 2d 507 (1999). We review *de novo* the denial of this motion.

A

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patterson challenges his conviction for mail fraud, contending that his scheme could not have constituted mail fraud, as a matter of law, because no reasonable person would have fallen for the scheme. He then challenges the sufficiency of the victims' trial testimony, arguing that they were not persons of "ordinary prudence and comprehension" because they believed the scheme. He concedes, however, that the Fifth Circuit has held that mail fraud exists even when the scheme would have been believed by only the most credulous. *See United States v. Kreimer,* 609 F.2d 126, 132 (5th Cir. 1980). Based on *Kreimer*, the district court did not err in finding that "the victim's negligence is not a defense to criminal conduct." *Id.*

B

Patterson raises several challenges to the sufficiency of the evidence supporting the jury's verdict. In reviewing challenges to the sufficiency of the evidence, we consider the evidence, all reasonable inferences drawn from it, and all credibility determinations in the light most favorable to the Government. *See United States v. Brito,* 136 F.3d 397, 408 (5th Cir.), *cert. denied,* __ U.S. __, 118 S. Ct. 2389, 141 L. Ed. 2d 754 (1998). "[W]e determine only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence." *United States v. Miller,* 146 F.3d 274, 280 (5th Cir. 1998). We affirm if a rational juror could find the offense's essential elements beyond a reasonable doubt. *See Brito*, 136 F.3d at 408.

Patterson argues first that the evidence is insufficient to support the five counts of mail fraud. To prove mail fraud under 18 U.S.C. § 1341, the Government must prove beyond a reasonable doubt that there was (1) a scheme or artifice to defraud; (2) a specific intent to commit a fraud; and (3) use of the mails for the purpose of executing the scheme to defraud. *See United States v. Moser,* 123 F.3d 813, 819 (5th Cir.), *cert. denied*, __ U.S.__, 118 S. Ct. 642, 139 L. Ed. 2d 620 (1997). Patterson argues that the evidence does not prove that he possessed the intent to commit mail fraud, because he believed his scheme. *See Kreimer,* 609 F.2d at 128 (stating that a mail fraud conviction requires proof that the defendant had a "conscious knowing intent to defraud"). As the Government points out, however, certain evidence suggests that Patterson did

have a fraudulent intent.  Patterson did not respond to an investor's inquiries about the unsubstantiated nature of Patterson's claims.  Patterson sought to conceal the proceeds of his scheme, and he never filed the claims for the victims.  A rational juror could find beyond a reasonable doubt that Patterson had the intent to defraud the scheme's victims.

Patterson challenges the sufficiency of the evidence to support both conspiracy convictions.  A conviction for conspiracy under 18 U.S.C. § 371 requires (1) an agreement between two or more persons, (2) to commit any offense against the United States, and (3) an overt act in furtherance of the agreement committed by one of the conspirators.  *See* 18 U.S.C. § 371; *United States v. Krenning,* 93 F.3d 1257, 1262 (5th Cir. 1996).  A conviction for conspiracy to launder money under 18 U.S.C. § 1956(h) requires that (1) there is a conspiratorial agreement, (2) to commit money laundering, and (3) one conspirator knowingly commits an overt act.  *See* 18 U.S.C. § 1956(h); *United States v. Fierro*, 38 F.3d 761, 768 (5th Cir. 1994).  Patterson argues that the evidence does not support the existence of a co-conspirator, because the jury acquitted McEntire, the only named conspirator, of the conspiracy charge.  Although the indictment only named McEntire, a rational juror could conclude, based on the evidence, that there were other conspirators.  Thus, McEntire's acquittal on the conspiracy charge does not require reversal of Patterson's conspiracy conviction.  Patterson argues also that the indictment did not identify overt acts by the other conspirators.  However, the Government need not prove overt acts by other co-conspirators; proof of an overt act by Patterson is enough.  *See Krenning,* 93 F.3d at 1262; *Fierro*, 38 F.3d at 768.

Patterson raises a second challenge to the sufficiency of the evidence to support his money laundering conspiracy conviction.  To prove a violation of 18 U.S.C. § 1956, the Government must prove that Patterson conducted or attempted to conduct a financial transaction knowing that the property involved was the proceeds of mail fraud and knowing that the transaction was designed in whole or in part to conceal the nature, location, source, ownership, or control of the proceeds of the mail fraud.  *See* 18 U.S.C. § 1956; *United States v. Willey,* 57 F.3d 1374, 1383

(5th Cir. 1995). Patterson argues that there is insufficient evidence that he laundered money because he did not conceal the funds. He claims that he put the money into trusts for his clients because "he believed the money belonged to his clients," yet he readily admits that he used trust money to pay his personal expenses and operating expenses for the bogus company. Although Patterson used trust money to pay his expenses, he represented to the Department of Veteran Affairs ("VA") that he had no bank accounts. A rational juror could conclude beyond a reasonable doubt that Patterson created the trusts in part to conceal the ownership of the proceeds of the mail fraud.

Patterson claims further that there is insufficient evidence that he filed a false claim with the VA for a pension. The Government was required to prove that Patterson knowingly and willfully presented a false and fraudulent affidavit or declaration concerning a claim for pension. *See* 18 U.S.C. § 289. Patterson sent the VA an affidavit in which he stated that he had no cash or bank accounts, and in which he claimed that his income had not changed. Patterson actually had several bank accounts. He asserts that he should not be held liable for the misinformation because he volunteered the information, the information was irrelevant to the VA, and because they requested only information on his income. A juror could conclude beyond a reasonable doubt that Patterson knowingly and willfully presented a fraudulent affidavit to the VA.

C

Finally, Patterson challenges his sentence, opposing four increases in his base offense level. Our review of a sentence under the Sentencing Guidelines ("Guidelines") is confined to whether a sentence was imposed in violation of law, as a result of an incorrect application of the Guidelines, or is outside the range of the applicable Guideline and is unreasonable. *See* 18 U.S.C. § 3742(e); *United States v. Matovsky,* 935 F.2d 719, 721 (5th Cir. 1991). We review *de novo* the district court's application of the Guidelines. *See United States v. Sanders,* 942 F.2d 894, 897 (5th Cir. 1991). "Factual findings regarding sentencing factors are entitled to considerable

-4-

deference and will be reversed only if they are clearly erroneous." *United States v. Watson,* 966 F.2d 161, 162 (5th Cir. 1992). A pre-sentence report ("PSR") generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making the factual determinations required by the Guidelines. *See Sanders,* 942 F.2d at 897. The defendant has the burden of showing that the information in the PSR relied on by the district court is materially untrue. *See United States v. Valencia,* 44 F.3d 269, 274 (5th Cir. 1995).

Patterson first challenges the eight-level increase in his base offense level for the amount of the loss. *See* U.S. SENTENCING GUIDELINES MANUAL § 2F1.1(b)(1)(I) (1997). He contends that the amount involved in the mail fraud should not include amounts from the sale of trusts. He concedes that, if the selling of trusts was integral to the scheme as a whole, then the trust sales may be counted. We find that the trust sales were integral to the scheme, and thus we conclude that the district court did not clearly err by including the amounts from the trust sales in the amount of loss.

Patterson argues that the court erred by adding two levels for purporting to act on behalf of a government or charitable organization. *See* U.S.S.G. § 2F1.1(b)(3)(A). The PSR recommended adding two levels because Patterson claimed to be acting on behalf of the government. He claims that he never purported to represent a government agency. Patterson stated on numerous occasions, however, that he was acting on the authority of President Bush and of the Supreme Court. Thus, Patterson has failed to show that the material in the PSR is materially untrue. We conclude that the district court did not clearly err in increasing Patterson's base offense level under § 2F1.1(b)(3)(A)

Patterson raises two other objections that he failed to assert below. Thus, we review these objections for plain error. *See United States v. Calverley,* 37 F.3d 160, 162-63 (5th Cir. 1994). He asserts that the court improperly increased his base offense level by four levels because it incorrectly calculated the amount of the pension over-payments. *See* U.S.S.G. § 2F1.1(b)(1)(E). The PSR found that the overpayment was $23,381.00, and recommended adding four levels to his

base offense level for filing a false claim for a pension. Patterson claims that this amount erroneously included the entire amount of the pension that was paid, rather than the incremental amount that resulted from any misrepresentation. Patterson does not offer evidence to support his allegation that the information in the PSR is materially untrue. Patterson also claims on appeal that the court improperly increased his base offense level by two levels, because his false pension claim did not involve more than minimal planning. *See* U.S.S.G. § 2F1.1(b)(2)(A). The PSR recommended increasing the base offense level by two, because Patterson submitted false claims on two occasions over a period of time. *See* U.S.S.G. § 1B1.1, comment. (n.1.f) (explaining that "more than minimal planning" is deemed present in any case involving repeated acts over a period of time). Patterson has failed to show that the information in the PSR is materially untrue. We conclude that the district court did not commit plain error by increasing Patterson's offense level under § 2F1.1(b)(1)(E) and § 2F1.1(b)(2)(A).

II

McEntire challenges the denial of her motion of a judgment of acquittal, which we review *de novo*. *See Medina,* 161 F.3d at 872. McEntire argues that her conviction for conspiracy to launder money under 18 U.S.C. § 1956(h) must be reversed, as a matter of law, because she was acquitted of the mail fraud counts, the offenses that formed the basis of the money laundering conspiracy count. Patterson was convicted of these offenses, however, and thus this case is distinguishable from *United States v. Truesdale,* 152 F.3d 443, 449 (5th Cir. 1998) (acquitting a defendant of a conspiracy conviction where there was no proof of the underlying unlawful activity). Hence, McEntire's acquittal of the mail fraud charges does not necessitate reversal of the conviction for conspiracy to launder money.

McEntire also challenges the sufficiency of the evidence to support her conviction for conspiracy to launder money. According to McEntire, the only evidence tying her to the money laundering is the fact that she was a signatory on four accounts, and she asserts that she never wrote a check on those accounts nor deposited money into the accounts. Considering all of the

-6-

evidence, however, suggests a more involved role. McEntire entered data on the company's computers, handled inquires about the status of claims, assured callers that the claims would be paid, and sold a trust. A juror could infer that McEntire knew of the unlawful nature of the scheme. A juror could conclude beyond a reasonable doubt that McEntire agreed with Patterson to conduct financial transactions that involved the proceeds of the mail fraud. *See Brito*, 136 F.3d at 408. Thus, the evidence is sufficient to support McEntire's conviction for conspiracy to launder money.

III

For the foregoing reasons, we conclude that the district court did not err in denying the motions of Patterson and McEntire for a judgment of acquittal. Accordingly, we AFFIRM the judgment of the district court.