IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40981
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUANITA MORALES ZARATE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CR-109-1
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Juanita Morales Zarate appeals her sentence following her

guilty-plea conviction for possession with intent to distribute

approximately 92 kilograms of marijuana.  She argues that the

record showed that she knew nothing about the criminal

enterprise, that she was simply a courier of the drugs, and that

she should have received a reduction to her offense level for her

minimal or minor participation in the offense.  She contends that

the district court clearly erred by overruling her objection to

-----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the presentence report.

The role of a defendant in the offense is considered a factual determination which we review for clear error. <u>United States v. Davis</u>, 19 F.3d 166, 172 (5th Cir. 1994). A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole. <u>United States v. Watson</u>, 966 F.2d 161, 162 (5th Cir. 1992). Zarate bears the burden of proving her minor or minimal role in the offense by a preponderance of the evidence, and the district court was not required to accept her self-serving statements about her role in the offense. <u>United States v. Brown</u>, 54 F.3d 234, 241 (5th Cir. 1995).

Zarate admitted that she knew she was transporting marijuana for others, and her argument that she was entitled to minimal-role status is without merit. See <u>United States v. Becerra</u>, 155 F.3d 740, 757 (5th Cir. 1998). Also, the record reveals that Zarate essentially presented nothing more than self-serving statements to support her role-in-the-offense argument. She has not shown by a preponderance of the evidence that she was a minor participant. The district court did not clearly err in overruling Zarate's objection to the PSR. See <u>Brown</u>, 54 F.3d at 241-42.

AFFIRMED.