IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-20019
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN BAUTISTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-716-1
_____

December 13, 2002

Before JOLLY, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[*]

Bautista pled guilty to charges of conspiracy to possess more than 100 kilograms of marijuana with intent to distribute and possession of more than 100 kilograms of marijuana with intent to distribute under 21 U.S.C. § 841. He was sentenced to serve a 108-month sentence, which included a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c), based on Bautista's role as a "manager or supervisor" of the conspiracy. Bautista appeals, challenging the constitutionality of 21 U.S.C. § 841 in the light of Apprendi v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

New Jersey, 530 U.S. 466 (2000), an argument foreclosed by our precedent. Bautista also appeals the two-level sentence enhancement, arguing that he was not a manager or supervisor as defined by the guidelines. Because the district court's determination of Bautista's role in the conspiracy is not clearly erroneous, we affirm.

I

Bautista argues, for the first time on appeal, that 21 U.S.C. § 841 is facially unconstitutional in the light of Apprendi. In Apprendi the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. This court has specifically rejected the argument that Apprendi rendered 21 U.S.C. § 841 facially unconstitutional. United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

II

Bautista argues that the district court erred when it enhanced his sentence based on U.S.S.G. § 3B1.1(c) because he was not a manager or supervisor of any person or persons as required by that section of the guidelines. We will not disturb a district court's findings regarding a defendant's role in a criminal activity unless those findings are clearly erroneous. United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998). A factual finding is not clearly

2

erroneous if it is plausible in the light of the record read as a whole.  <u>United States v. Watson</u>, 966 F.2d 161, 162 (5th Cir. 1992).

Under U.S.S.G. § 3B1.1(c), a defendant's base offense level may be enhanced two levels if he was an "organizer, leader, manager, or supervisor" of one or more participants in any criminal activity.  The defendant must be the organizer or leader of at least one other participant in the crime and assert control over at least that one participant.  <u>United States v. Jobe</u>, 101 F.3d 1046, 1064 (5th Cir. 1996).  The enhancement is not appropriate but an upward departure is warranted when the defendant is one who "did not organize, lead, manage or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization."  U.S.S.G. §  3B1.1, Application Note 2.  Because the district court made an upward adjustment, rather than an upward departure, the facts must show that Bautista managed or supervised participants rather than property.  <u>United States v. Giraldo</u>, 11 F.3d 21, 23 (5th Cir. 1997)(citing <u>United States v. Jobe</u>, 101 F.3d 1046 (5th Cir. 1996)).

Bautista argues that there was no evidence that he supervised or controlled any participants in the crime.  He argues that he only brokered the deal as a middleman between a buyer and a seller, and that this criminal conduct does not suffice to sentence him as a manager or supervisor.

3

The following facts were adduced during the plea colloquy and included in the pre-sentence report which was properly adopted by the district court. United States v. Valencia, 44 F.3d 269, 274 (5th Cir. 1995)(noting that a district court may adopt facts in a pre-sentence report without further inquiry if they have adequate evidentiary basis and the defendant does not present rebuttal evidence.) Bautista met with a confidential informant on August 23, 2001. Bautista negotiated a deal to sell the informant 3,000 pounds of marijuana for $360 per pound, promising to provide a sample before the sale. Bautista drove the informant to a gas station where a man named Flores delivered a package containing a sample of marijuana to Bautista. Bautista gave the sample to the informant. On August 28, 2001, Bautista and the informant met again. The informant provided Bautista with keys to a truck in which the marijuana was to be loaded. The informant promised to pay Bautista for the marijuana after the marijuana had been loaded into the truck. Bautista left the scene of the meeting and returned with a woman. Bautista drove the truck to co-defendant David Flores's house and the woman followed in Bautista's car. Later that day, Flores drove the truck to an auto shop where he met Humberto Pena and the two loaded the truck with marijuana. Bautista called the informant and the two drove to a street corner where the truck was waiting. The informant was shown the marijuana. When Bautista went with the informant to get money, he

4

was arrested.  Based on the facts above, including Bautista's negotiation of the entire deal, his promise of a sample and Flores' delivery of one, and Flores' subsequent delivery of the marijuana for which Bautista was to be paid, the district court could have inferred that Bautista managed or supervised Flores.  In the light of the record as reflected above, the district court's finding that Bautista was a manager or supervisor of one or more participants in the conspiracy is plausible.  See United States v. Watson, supra.  The judgment of the district court is therefore

AFFIRMED.