DLD-178                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1300
_____

JAIME RIVERA,
                                    Appellant

v.

WILLIAM A . SCISM

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 10-cv-01773)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 21, 2011)
_____

OPINION
_____

PER CURIAM

        Jaime Rivera, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania dismissing his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denying his motion for

reconsideration. For the reasons that follow, we will affirm the judgment of the District Court.

In 1992, Rivera was convicted after a jury trial in the United States District Court for the Eastern District of Pennsylvania of various drug charges, including distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and distribution of cocaine within 1000 feet of a school, in violation of 21 U.S.C. § 860. He received a sentence of 292 months in prison. Rivera filed a direct appeal, which was dismissed pursuant to Federal Rule of Appellate Procedure 42(b). In May 1993, Rivera filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied relief on the merits and we affirmed. Rivera has since brought many challenges to his conviction and sentence, including motions pursuant to 18 U.S.C. § 3582, habeas petitions pursuant to 28 U.S.C. § 2241, and a motion pursuant to 28 U.S.C. § 2244 for leave to file a second or successive § 2255 motion, all of which have been unsuccessful.

In 2010, Rivera filed the present habeas petition in District Court pursuant to § 2241 claiming that the trial court erred in treating the drug involved in his offense as a sentencing factor rather than as an element of the offense to be found by the jury beyond a reasonable doubt. Rivera also claimed that distribution of cocaine is a lesser-included offense of distribution of cocaine within 1000 feet of a school and that he was convicted of both crimes in violation of the Double Jeopardy Clause.[1] The District Court adopted

---

[1]Rivera raised this claim in his motion for leave to file a second or successive § 2255 motion, which was denied.

the Magistrate Judge's recommendation to dismiss the habeas petition for lack of jurisdiction, explaining that Rivera's claims are properly brought pursuant to § 2255, not § 2241. The District Court denied Rivera's subsequent motion for reconsideration and this appeal followed.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538.

Rivera has not made such a showing. As noted above, the fact that Rivera is unable to meet § 2255's gatekeeping requirements for filing a second or successive § 2255 motion does not render a § 2255 motion "inadequate or ineffective."

Rivera's case is also distinguishable from In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), in which we allowed the petitioner to raise in a habeas petition pursuant to § 2241

3

a claim under <u>Bailey v. United States</u>, 516 U.S. 137 (1995).[2] The petitioner in <u>Dorsainvil</u> had no earlier opportunity to challenge his conviction for a crime that <u>Bailey</u> may have negated. <u>Dorsainvil</u>, 119 F.3d at 251.

Rivera argues that he could not raise his double jeopardy claim when he filed his first § 2255 motion because we had yet to decide <u>United States v. Jackson</u>, 443 F.3d 293 (3d Cir. 2006), where we held that § 841(a)(1) is a lesser-included offense of § 860 and convictions for both crimes based on the same set of facts violate the Fifth Amendment's Double Jeopardy Clause. <u>Id.</u> at 300-02. Although <u>Jackson</u> was the first time we "authoritatively stated that 841(a) is a lesser-included offense of 860(a)," <u>id.</u> at 301, at least one court of appeals had so held before Rivera filed his first § 2255 motion and another so held while his § 2255 motion was pending. <u>See</u> <u>United States v. Freyre-Lazaro</u>, 3 F.3d 1496, 1507 (11th Cir. 1993); <u>United States v. Scott</u>, 987 F.2d 261, 266-67 (5th Cir. 1993). Unlike in <u>Dorsainvil</u>, Rivera's claim does not involve an intervening change in substantive law that would negate the criminal nature of Rivera's conduct.

Rivera's argument that he should be able to raise in a § 2241 petition his claim that the trial court erred in treating the identity of the controlled substance involved in his offense as a sentencing factor fails for the same reason. <u>See</u> <u>Okereke</u>, 307 F.3d at 120-21

---

[2]In <u>Bailey</u>, the Supreme Court held that a defendant could not be convicted of using a firearm during and in relation to a drug-trafficking crime under 18 U.S.C. § 924(c)(1) unless the government proved that the defendant "actively employed the firearm during and in relation to the predicate crime." <u>Dorsainvil</u>, 119 F.3d at 247 (citation omitted).

(holding claim under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that finding of drug quantity was improperly made by the trial judge at sentencing must be brought pursuant to § 2255, not § 2241).  Finally, the District Court did not abuse its discretion in denying Rivera's motion for reconsideration.[3]

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.

---

[3]In his motion for reconsideration, Rivera argued that the District Court erred in treating a motion for reconsideration of the Magistrate Judge's report as his objections to the report and in failing to conduct a <u>de</u> <u>novo</u> review.  These arguments are without merit.