ALD-138                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4592
_____

JAIME RIVERA, Appellant

v.

WILLIAM A. SCISM

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-10-cv-01773)
District Judge:  Honorable William W. Caldwell

_____

Submitted on Appellant's Application to Proceed
In Forma Pauperis and for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 22, 2012

Before: SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: March 30, 2012)
_____

OPINION
_____

PER CURIAM.

Jaime Rivera, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his motion pursuant to Rule 60(b) of the Federal Rules of Civil

1

Procedure. For the reasons that follow, we will affirm.

In 1992, Rivera was convicted in the United States District Court for the Eastern District of Pennsylvania of various drug charges, including distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and distribution of cocaine within 1000 feet of a school, in violation of 21 U.S.C. § 860. He received a sentence of 292 months in prison. Rivera filed a direct appeal, which was dismissed pursuant to Federal Rule of Appellate Procedure 42(b).

In May 1993, Rivera filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court denied relief on the merits and we affirmed. Rivera has since brought many challenges to his conviction and sentence, including motions pursuant to 18 U.S.C. § 3582, habeas petitions pursuant to 28 U.S.C. § 2241, and a motion pursuant to 28 U.S.C. § 2244 for leave to file a second or successive § 2255 motion, all of which have been unsuccessful.

In 2010, Rivera filed a habeas petition in the District Court pursuant to § 2241 in which he argued, inter alia, that he was entitled to relief under this Court's decision in United States v. Jackson, 443 F.3d 293 (3d Cir. 2006). In Jackson, we held that because § 841(a)(1) (distribution of cocaine) is a lesser-included offense of § 860 (distribution of cocaine within 1000 feet of a school), conviction of both crimes based on the same set of facts violates the Double Jeopardy Clause of the Fifth Amendment. Id. at 301. The District Court dismissed the petition for lack of jurisdiction, explaining that Rivera was required to present this claim in a petition pursuant to § 2255, not § 2241.

2

The District Court denied Rivera's subsequent motion for reconsideration, and we affirmed. Rivera v. Scism, 438 F. App'x 154 (3d Cir. 2011).

Rivera then returned to the District Court and filed a motion pursuant to Rule 60(b)(6) in which he again argued that he was entitled to relief under this Court's decision in Jackson. The District Court denied relief, explaining that Rivera had merely reiterated the Jackson argument that it had already rejected. Rivera now appeals from the District Court's order.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Relief under Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances." Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977) (internal quotation marks and citation omitted).

We will affirm the District Court's order. As the District Court explained, Rivera's Rule 60(b)(6) motion merely reiterated the Jackson argument that he presented in support of his § 2241 petition, which both the District Court and this Court held could not be raised by way of § 2241.[2] It is well established that a Rule 60(b) motion may not be used as a substitute for an appeal, see Smith v. Evans, 853 F.2d 155, 158 (3d Cir.

---

[1] We grant Rivera's motion to proceed in forma pauperis on appeal. See 28 U.S.C. § 1915.

[2] Rivera also raised this claim in a motion for leave to file a second or successive § 2255 motion, which this Court denied. (C.A. No. 09-2000, May 19, 2009.)

1988), or as a means of seeking review of this Court's previous opinion in this case, <u>see</u> <u>Reform Party v. Allegheny Cnty. Dep't of Elections</u>, 174 F.3d 305, 312 (3d Cir. 1999). Rivera has inappropriately resorted to Rule 60(b)(6) to re-litigate his purported § 2241 petition. Therefore, the District Court did not abuse its discretion in concluding that Rivera was not entitled to relief under Rule 60(b)(6).

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court's order. <u>See</u> Third Cir. L.A.R. 27.4 and I.O.P. 10.6.